# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**OSCAR GARNER,**
    **Plaintiff,**

v.                                                     Case No. 18-C-003

**NP RONSON,** *et al.,*
    **Defendants.**

---

## ORDER

This matter comes before me on several pending motions: (1) plaintiff's motion for leave to proceed without prepayment of the filing fee; (2) plaintiff's motion for extension of time to submit his trust fund activity sheet; (3) plaintiff's motion for leave to file an amended complaint; and (4) plaintiff's motion to use funds from his release account to pay the initial partial filing fee. Docket Nos. 4-5, 8-9.

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "Strikes" include any prisoner action dismissed on any of the three enumerated grounds before or after the enactment of the PLRA. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul–Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records show that plaintiff has accumulated three strikes, including: (1) *Garner v. Hill*, case no. 17-cv-0051-LA (E.D. Wis.); (2) *Garner v. Kirby*, case no. 14-cv-545-JDP (W.D. Wis.); (3) and *Garner v. Huibregtse*, case. no. 09-cv-301 (W.D. Wis.). Therefore, plaintiff cannot proceed *in forma pauperis* unless he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g).

Plaintiff states that he is in "imminent danger" because he has not received adequate medical treatment for his sinus problems (either seasonal allergies or chronic sinusitis), his headaches, his breathing problems, and his nosebleeds. He also complains about foul smells from a drain and an inadequate ventilation system. Plaintiff details the numerous requests he sent to the Health Services Unit ("HSU") and the Warden regarding the issues. He received responses on these issues, including: being scheduled for medical appointments, receiving prescription medication, contacting a plumber, and checking/vacuuming the ventilation system.

Plaintiff appears to disagree with the way the institution handled his complaints but that does not establish that he is in imminent danger of serious physical injury. The imminent danger exception to §1915(g)'s three strikes rule is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). HSU is responding to plaintiff's medical requests and he has access to medical care. Further, prison staff have been investigating and attempting to fix complaints regarding the drain and ventilation system. As a result, plaintiff is not in imminent danger of serious physical injury, and I will deny plaintiff's motion for leave to proceed without prepayment of the filing fee.

Because plaintiff cannot proceed with this lawsuit based on payment of an initial partial filing fee, his motion to use his release account to pay the initial partial filing fee is moot. Therefore, I will also deny his motion to use his release account to pay the initial partial filing fee on appeal.

If plaintiff wants to proceed with this action, he must pay the full civil case filing fee of $400.00 (the sum of the $350.00 filing fee and the $50.00 administrative fee that applies to litigants not proceeding *in forma pauperis*) within **14 days** of this order. *Newlin v. Helman*, 123 F.3d 429, 433–34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b). Failure to pay in full within the time limits will result in dismissal of this case. *Newlin*, 123 F.3d at 434. Once plaintiff pays, I will screen his complaint under 28 U.S.C. § 1915A.

Regarding his other motions, plaintiff may amend his complaint once as a matter of course without the court's permission because the complaint has not yet been served on defendants. *See* Fed. R. Civ. P. 15(a)(1)(A). Further, plaintiff submitted his trust fund activity sheet several days after he filed his motion for extension of time to file the trust fund activity sheet. Docket No. 6. Therefore, I will deny both motions as unnecessary.

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 4) is **DENIED**. Plaintiff shall forward to the clerk of this court the sum of $400.00 as the full filing fee in this case within **14 days** of the date of this order. The payment shall be clearly identified by the case name and number assigned to this action. Plaintiff's failure to comply with this order will result in dismissal of this case.

**IT IS ORDERED** that plaintiff's motion for extension of time (Docket No. 5) is **DENIED** as unnecessary.

**IT IS ORDERED** that plaintiff's motion for leave to file an amended complaint (Docket No. 8) is **DENIED** as unnecessary.

**IT IS ORDERED** that plaintiff's motion to use funds from his release account to pay the initial partial filing fee (Docket No 9) is **DENIED**.

**IT IS ORDERED** that copies of this order be sent to the officer in charge of the agency where plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 17th day of March, 2018.

                                                s/Lynn Adelman
                                                LYNN ADELMAN
                                                United States District Judge